UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN E. SPIEGELMANN, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:17-cv-2069 (VLB) |
| | : | |
| WARDEN SCOTT ERFE, | : | |
| *Respondent.* | : | March 29, 2018 |

**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Dkt. No. 12)**

On November 27, 2017, the petitioner, Stephen E. Spiegelmann, an inmate currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, against the facility's warden, Scott Erfe.[1] The respondent moved to dismiss the petition on March 2, 2018, arguing that the petitioner has failed to exhaust his state court remedies with respect to the claims raised in the petition. Resp't's Mot. to Dismiss ("Resp't's Mot.") (Dkt. No. 12); Resp't's Mem. of Law in Supp. of Mot. to Dismiss ("Resp't's Mem.") (Dkt. No. 12-1). The petitioner filed a memorandum of law in opposition to the respondent's motion on March 16, 2018. Pet'r's Mem. in Resp. to Resp't's Mot. to Dismiss ("Pet'r's Mem.") (Dkt. No. 13). For the following

---

[1] The petition was docketed on December 12, 2017. However, pursuant to the "prison mailbox rule," the petition is deemed filed at the moment the petitioner gave it to prison officials for filing, which the Court can presume is November 27, 2017, the day the petitioner signed the petition. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (*pro se* petitioner's habeas petition deemed filed at moment he gives it to prison officials); *Johnson v. Coombe*, 156 F. Supp.2d 273, 277 (S.D.N.Y. 2001) (court assumes prisoner gave habeas petition to prison officials on date he signed petition).

reasons, the respondent's motion to dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED without prejudice subject to refiling.

I. Standard of Review

This Court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6). *See Purdy v. Bennett*, 214 F. Supp.2d 348, 353 (S.D.N.Y. 2002). To survive a motion to dismiss, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept as true the factual allegations in the petition and draw all reasonable inferences in the petitioner's favor. *Id.*

In deciding a motion to dismiss a habeas petition, "[t]he Court must confine its consideration to facts stated on the face of the [p]etition, in documents appended to the [p]etition or incorporated in the [p]etition by reference, and to matters of which judicial notice may be taken." *Williams v. Breslin*, 274 F. Supp.2d 421, 425 (S.D.N.Y. 2003) (internal quotations omitted). "Where . . . the [petition] was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). This principle

does not, however, apply to the legal conclusions that the petitioner draws in the petition. *Ashcroft*, 556 U.S. at 678.

A prerequisite to habeas corpus relief under § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005). The petitioner must litigate all claims in state court before he may litigate those claims in federal court. *See Rose v. Lundy*, 455 U.S. 509, 515-22 (1982). Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B).

In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the Second Circuit held that a district judge, when confronted with a "mixed petition" containing both exhausted and unexhausted habeas claims has discretion either to dismiss the petition in its entirety or dismiss only the unexhausted claims and stay the balance of the petition. In some cases, as in *Zarvela*, a stay of the petition is more appropriate because "an outright dismissal could jeopardize the timeliness of a collateral attack." *Id.* at 380 (quoting

*Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)); *see also Duncan v. Walker*, 533 U.S. 167, 181 (2001) (pendency of first federal habeas petition did not toll limitations period under 28 U.S.C. § 2244(d)(2)).

More recently, in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the United States Supreme Court held that staying a mixed petition "decreas[es] a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." It permits a petitioner to delay resolution of his federal proceedings. *Id.* Therefore, the Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Even if he had good cause for failure to exhaust, the district court should not grant stay if the unexhausted claims are plainly meritless. *Id.*

## II. Procedural History

The history of the petitioner's state criminal proceedings and post-conviction proceedings are not disputed.

On October 17, 2001, the petitioner was convicted after a jury trial of three counts of sexual assault in the first degree, in violation of Connecticut General Statutes § 53a-70(a)(2), two counts of risk of injury to a child, in violation of Connecticut General Statutes (Rev. to 1997) § 53-21(1), one count of risk of injury to a child, in violation of Connecticut General Statutes (Rev. to 1997) § 53a-21(2), and one count of unlawful restraint in the first degree, in violation of Connecticut General Statutes §

4

53a-95(a). *State v. Spiegelmann*, 81 Conn. App. 441, 443 (2004), Rep't Ex. F (Dkt. No. 12-10); Direct Appeal R., Resp't Ex. A (Dkt. No. 12-5) at 32. The trial court sentenced him to sixty years of incarceration. *Spiegelmann*, 81 Conn. App. at 443.

The petition appealed his convictions on three grounds: (1) the trial court improperly permitted the state to introduce highly prejudicial pornographic material seized from his home without proof that the victim had been exposed to such material; (2) the prosecutor engaged in impropriety during cross-examination of the petitioner and during closing argument; and (3) the trial court improperly admitted prejudicial hearsay evidence under the constancy of accusation doctrine. Pet'r's Appellate Ct. Br., Resp't Ex. B (Dkt. No. 12-6) at 3-4. The Connecticut Appellate Court rejected the petitioner's claims and affirmed the trial court's judgment. *Spiegelmann*, 81 Conn. App. at 443. On April 7, 2004, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Appellate Court's decision. *State v. Spiegelmann*, 268 Conn. 921 (2004), Rep't Ex. H (Dkt. No. 12-12).

Seven months later, the petitioner filed his first petition for writ of habeas corpus in state court. *Spiegelmann v. Warden*, No. CV044000190, *Santos., J.,* 2010 WL 3672347 (Conn. Super. Ct. Aug. 26, 2010). He claimed that his trial counsel, Martin McQuillan, was ineffective by failing to: (a) conduct sufficient consultation regarding the state's medical evidence; (b) meaningfully challenge the state's medical testimony; (c) present medical

testimony to support the petitioner's innocence; (d) introduce medical reports concerning the victim's behavior and mental health; (e) object to constancy of accusation witnesses; (f) object to the prosecutor's cross-examination of the petitioner; (g) conduct sufficient expert consultation concerning criminal child sexual abuse; and (h) present expert testimony on criminal child sexual abuse. *Id.* at *1; State Habeas Appeal R., Resp't Ex. I (Dkt. No. 12-13) at 8, 11. The petitioner also claimed that his appellate counsel, Anthony David Grudberg, ineffectively represented him during direct appeal by failing to: (a) challenge the trial court's admission of testimony from constancy of accusation witnesses that the victim had told them about oral, anal, and vaginal contact with the petitioner; and (b) thoroughly address all of the prosecutor's improprieties during trial and conduct a harmless error analysis. *Spiegelmann*, 2010 WL 3672347, *1; State Habeas Appeal R., Resp't Ex. I at 9-10.

At trial, the state habeas court heard testimony from the petitioner, McQuillan, Grudberg, two legal expert witnesses, a forensic pathologist, and a forensic psychologist and reviewed the criminal trial transcripts. *Spiegelmann*, 2010 WL 3672347, *1. Afterwards, the state habeas court denied the petition, concluding that the petitioner had failed to prove either ineffective assistance of trial counsel or ineffective assistance of appellate counsel. *Id.* at *24.

The petitioner appealed the state habeas court's decision to the Connecticut Appellate Court challenging only the habeas court's rejection

6

of his claim that McQuillan was ineffective by failing to challenge and rebut the state's evidence with testimony from an expert on child sexual abuse. Pet'r's Br. in State Habeas Appeal, Resp't Ex. J (Dkt. No. 12-14) at 3-4; *Stephen S. v. Commissioner of Correction*, 134 Conn. App. 801, 802 (2012), Resp't Ex. M (Dkt. No. 12-17). The Appellate Court affirmed the habeas court's judgment, concluding that McQuillan consulted with two experts prior to trial and made reasonable strategic choices during the trial. *Stephen S.*, 134 Conn. App. at 821. On May 9, 2012, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Appellate Court's decision. *Stephen S. v. Commissioner of Correction*, 304 Conn. 932 (2012), Resp't Ex. O (Dkt. No. 12-19).

While his first state habeas action was pending on appeal, the petitioner filed his second state habeas case. *Spiegelmann v. Warden*, No. TSRCV114004287S, *Fuger, J.*, 2016 WL 2935559 (Conn. Super. Ct. May 2, 2016). In his second petition, the petitioner claimed that his first habeas counsel, Bruce McIntyre, was ineffective because he failed to raise two additional claims of ineffective assistance of trial counsel. *Id.*; Am. Pet. in Second State Habeas, Resp't Ex. P (Dkt. No. 12-20) at 6-7. Specifically, the petitioner claimed that McIntyre failed to address McQuillan's failure to properly analyze and investigate the state's evidence against him and consult and present expert testimony to rebut the sexual assault allegations. Am. Pet. in Second State Habeas, Resp't Ex. P at 6-7. The petitioner also claimed that he had received ineffective assistance of

7

habeas appellate counsel and raised a freestanding claim of ineffective assistance of trial counsel based on McQuillan's failure to present expert testimony. *Id.* at 7-9.

In an opinion dated May 2, 2016, the state habeas court denied the second petition, finding it to be successive and without any basis in law or fact. *Spiegelmann*, 2016 WL 2935559, *2. The petitioner appealed this decision but later withdrew the appeal on July 19, 2016. Pet. (Dkt. No. 1) at 11; Second State Habeas Withdraw, Resp't Ex. S (Dkt. No. 12-23) at 4.

While his second state habeas case was pending, the petitioner filed a third habeas petition in state court. *Spiegelmann v. Commissioner of Correction*, No. TSRCV164008106S, State of Connecticut Judicial Branch, Civil Case Inquiry, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV164008106S. The petitioner asserts that he has withdrawn his third petition. Pet. at 11. However, the Connecticut Judicial Branch Inquiry of the case does not reflect that the petition has been withdrawn. Rather, it shows that the petition is pending and that a status conference is scheduled for May 4, 2018. *Spiegelmann*, No. TSRCV164008106S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV164008106S.

On November 27, 2017, the petitioner filed the instant § 2254 petition in this Court. In this petition, he raises three claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) actual innocence. Pet. at 13, 27, 31. With respect to his first claim,

the petitioner asserts that McQuillan, his trial counsel, failed to: (a) present evidence of his custody dispute with his ex-wife for purposes of showing a motive for the allegations of sexual abuse; (b) challenge the admission of prejudicial pornographic evidence seized from his home; (c) challenge the credibility of Nurse Murphy, the nurse practitioner who examined the victim; (d) adequately prepare a defense; (e) conduct a pretrial investigation and call Dr. Dennis Bekeny and Dr. Colston McEvoy, both of whom would have provided valuable defense evidence; (f) procure a pediatric psychologist expert to challenge the state's psychiatric experts and contact several fact witnesses who would have testified for the petitioner; (g) investigate the petitioner's case and call witnesses who could have testified to the petitioner's innocence; and (h) seek a competency examination of the victim to determine her ability to testify at trial. Pet. at 13-25. The petitioner claims that Grudberg, his appellate counsel, was ineffective by failing to: (a) raise the issue of the redacted psychological records of the victim; and (b) raise a claim of actual innocence on direct appeal. *Id.* at 28-29. Although labeled as a freestanding, "actual innocence" claim, the petitioner's third ground for relief consists of duplicative claims of ineffective assistance of trial counsel and challenges to the trial court's decision to exclude the vicitm's psychiatric records and sentence imposition. *See id.* at 31-36.

        The petitioner acknowledges that all but one of the claims in his federal petition are unexhausted. Pet. at 13, 40. The one exhausted claim

is McQuillan's alleged failure to prepare a defense at trial (Claim (1)(d)). While difficult to decipher, the Court surmises that this claim asserts several challenges to Mcquillan's representation. In support of his claim that McQuillan failed to prepare a defense, the petitioner argues that Mcquillan failed to (i) "call an important fact witness," (ii) call a medical expert to testify at trial, (iii) challenge the physical evidence of sexual abuse, and (iv) call Dr. Rau, the clinical professor with whom he consulted prior to trial. *See id.* at 17-18. Aside from perhaps his challenge to Mcquillan's failure to "call an important fact witness," the petitioner did challenge Mcquillan's failure to challenge the state's medical expert testimony and physical evidence and failure to rebut that evidence with a defense expert in his first state habeas petition. *See* 2010 WL 3672347, *1. Nevertheless, the Court agrees that the majority of the claims raised in the federal petition are unexhausted.

III. <u>Analysis</u>

The respondent argues in his motion to dismiss that the petitioner, by his own admission, has submitted a "mixed petition" because most of the claims in his petition are unexhausted. Therefore, he argues that the petition should be dismissed under § 2254(b)(1)(A). Resp't's Mem. at 13-18.

The petitioner counters that he did not deliberately bypass the exhaustion requirement and that he can show cause and prejudice for his failure to exhaust. Pet'r's Mem. at 1. Specifically, he argues that the state habeas court, *Kaplan, J.,* abused his discretion by precluding the petitioner

from raising several claims it found frivolous when ruling on the petitioner's first habeas counsel's motion to withdraw from the case. Pet'r's Mem. at 2-4. The petitioner attached Judge Kaplan's decision ordering counsel to continue representing the petitioner but finding the following claims as wholly frivolous: (a) McQuillan's failure to call a psychiatrist/psychologist as a witness; (b) McQuillan's failure to call a child witness expert; (c) McQuillan's failure to call character witnesses; (d) McQuillan's failure to question the victim and the victim's mother; (e) McQuillan's failure to use an investigator; (f) McQuillan's failure to object to the use of inflammatory evidence in the form of an e-mail correspondence involving the petitioner; (g) Grudberg's failure to brief the issue involving the e-mail correspondence; (h) the trial court's improper admission of the e-mail correspondence; and (i) actual innocence. Pet'r's Ex. 1 (Dkt. No. 13-2). Thus, the petitioner argues that he could not exhaust these issues in state court because Judge Kaplan erroneously excluded them from his state petition. Pet'r's Mem. at 2-4.

In addition to arguing cause and prejudice for his failure to exhaust, the petitioner contends that second habeas counsel, Attorney Evan Buchberger, "did absolutely nothing to prepare a defense at the habeas trial" and that he has been trying to exhaust his remedies in state court to no avail. Pet'r's Mem. at 6-8. He then proceeds to list multiple ineffective assistance of counsel claims against McQuillan and Grudberg in his reply memorandum, some of which he did not address in his federal petition,

11

including claims that McQuillan failed to impeach his ex-wife and file a motion for judgment of acquittal at trial. See Pet'r's Mem. at 12, 18-19.

At the outset, this Court notes that the petitioner has presented his claims in a confusing, verbose, and disorganized manner. It is difficult for this Court to review the state court judgment under § 2254 without a clear and concise statement of the claims the petitioner wishes to pursue. See *LeGrand v. Smith*, 85 Civ. 5115 (MGC), 1987 WL 7402, *8 n.12 (S.D.N.Y. Feb. 25, 1987) (clear concise statement of claims would aid future consideration of exhausted habeas petition on merits).

Further, as shown above, the petitioner appears to state more claims for habeas relief in his reply memorandum to the motion to dismiss, which even further confuses the exhaustion issue and does not provide adequate notice of his claims to either the Court or the respondent. Notably, a party cannot amend a pleading by language inserted in a memorandum of law. *Philadelphia Indemnity Insurance Co. v. United States*, 13 Civ. 987 (VLB), 2014 WL 12754997, *4 (D. Conn. Sep. 30, 2014).

Because the petitioner has admittedly failed to exhaust most of the claims in his federal petition, this Court cannot afford him any relief under § 2254. The state courts have not had a full and fair opportunity to address several of his ineffective assistance of counsel claims, including McQuillan's failure to present evidence of the petitioner's custody dispute with his ex-wife, challenge the admission of the pornographic evidence, and present testimony from Dr. Bekeny and Dr. McEvoy. Furthermore, the

petitioner has a third state habeas petition currently pending in state court in which he could at least attempt to raise many of these claims regarding his state convictions. *See Spiegelmann*, No. TSRCV164008106S.

The petitioner's contention that the state habeas court prevented him from exhausting the claims in his federal petition is without merit. A ruling on an attorney's motion to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), does not constitute a decision on the merits of the petitioner's claims. *See Lorthe v. Commissioner of Correction*, No. CV104003658 (JMN), 2013 WL 1849280, *4 (Conn. Super. Ct. Apr. 10, 2013). Thus, the petitioner would not be precluded from raising those claims in a subsequent proceeding. *See Taylor v. Warden*, CV124004709 (JMN), 2014 WL 783569, *4-5 (Conn. Super. Ct. Jan. 23, 2014) (rejecting respondent's argument that *res judicata* bars petitioner from raising claims previously found as frivolous in *Anders* ruling).

Even if the petitioner believed he was precluded from raising certain claims in the state habeas court, the claims he now raises in his federal petition are different from the claims addressed by Judge Kaplan's decision on the *Anders* motion. In his federal petition, the petitioner claims that Mcquillan failed to (1) present evidence of the petitioner's custody dispute with his ex-wife, (2) challenge the trial court's admission of prejudicial pornographic evidence, (3) present testimony from Dr. Bekeny and Dr. McEvoy, and (4) seek a competency examination of the victim prior to her testimony. Pet. at 13-25. He also claims that Grudberg on appeal

failed to (1) brief the issue of the victim's psychological records and (2) raise a claim of actual innocence. *Id.* at 28-29. None of those claims were addressed in Judge Kaplan's ruling on the *Anders* motion.

The petitioner has not shown cause for his failure to exhaust the multitude of claims raised in his federal petition, and his reliance on Judge Kaplan's decision to show prejudice is without merit. He has not presented evidence tending to show that he has no time remaining on his limitations period. Therefore, a dismissal of his federal petition without prejudice is more appropriate than an order staying the federal petition. *See Zarvela*, 254 F.3d at 380 (district court may dismiss mixed petition without prejudice if doing so does not jeopardize timeliness of collateral attack under one-year limitations period). The Court will, therefore, DISMISS the petition without prejudice subject to refiling after the petitioner has exhausted his state court remedies.

## ORDERS

The respondents' motion to dismiss (Dkt. No. 12) is GRANTED. The petition is hereby DISMISSED without prejudice subject to refiling after the petitioner exhausts his state court remedies. When the petitioner exhausts his state court remedies with respect to each claim he wishes to pursue in federal court, he may file an amended petition stating in clear and concise terms each of those claims, the state court decision(s) addressing those claims, and the dates and citations of those decisions.

SO ORDERED this 29th day of March, 2018 at Hartford, Connecticut.

_____
**VANESSA L. BRYANT**
**UNITED STATES DISTRICT JUDGE**