UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN SPIEGELMANN, : | |
|    Petitioner, : | |
| : | |
| v. : | Case No. 3:17-cv-2069 (KAD) |
| : | |
| WARDEN SCOTT ERFE, : | |
|    Respondent. : | |

### RULING AND ORDER

On November 27, 2017,[1] Petitioner Stephen Spiegelmann, an inmate incarcerated at Cheshire Correctional Institution, filed his original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction, after a jury trial, for sexual assault, risk of injury to a child, and unlawful restraint. Pet., ECF No. 1.[2] He raised three grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) actual innocence. *Id.* at 13, 27, 31.

The Court dismissed the petition without prejudice because Petitioner had not exhausted all of his claims in the state courts. *Spiegelmann v. Erfe ("Spiegelmann III")*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549 (D. Conn. Mar. 29, 2018). The Court advised Petitioner that "he may file an amended petition stating in clear and concise terms each of those claims, the state court decision(s) addressing those claims, and the dates and citations of those decisions" after he exhausted his state court remedies. *Id.* at *6.

---

[1] The original petition was docketed on December 12, 2017. ECF No. 1. However, the Court construed the filing of the petition to be November 27, 2017, under the "prison mailbox rule." *See Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 n.1 (D. Conn. Mar. 29, 2018) (citing *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006)) (*pro se* petitioner's habeas petition deemed filed at moment he gives it to prison officials); *Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) (court assumes prisoner gave habeas petition to prison officials on date he signed petition).

[2] All docket entry citations herein refer to the present case, Dkt. No. 3:17-cv-2069 (KAD).

On October 3, 2024, the Court reopened this case after Petitioner filed an amended petition for relief under 28 U.S.C. § 2254. Petitioner asserts three grounds for habeas relief: (1) ineffective assistance of his trial defense counsel; (2) ineffective assistance of appellate counsel; and (3) actual innocence. Am. Pet., ECF No. 27; Pet'r Mem., ECF No. 33.[3]

Respondent has filed a motion to dismiss, arguing that Petitioner has filed a mixed petition. Mot. to Dismiss, ECF No. 34. Petitioner has filed both a response and a supplemental response. Pet'r Responses, ECF Nos. 40, 42.

**PROCEDURAL BACKGROUND**

The Court incorporates the procedural history recounted in this Court's prior ruling dated March 29, 2018. *See Spiegelmann III*, 2018 WL 1582549, at *2. The Court briefly states the facts relevant to Petitioner's exhaustion of his state court remedies.

**Direct Appeal**

Petitioner brought a direct appeal to his convictions on three grounds: (1) the trial court improperly permitted the state to introduce highly prejudicial pornographic material seized from his home without proof that the victim had been exposed to such material; (2) the prosecutor engaged in impropriety during cross-examination of Petitioner and during closing argument; and (3) the trial court improperly admitted prejudicial hearsay evidence under the constancy of accusation doctrine. *See id.*

The Connecticut Appellate Court rejected Petitioner's claims and affirmed the trial court's judgment. *State v. Spiegelmann*, 81 Conn. App. 441, 443 (2004).

---

[3] Petitioner sets forth his grounds for relief in his memorandum. ECF No. 33.

On April 7, 2004, the Connecticut Supreme Court denied Petitioner's petition for certification to appeal the Appellate Court's decision. *State v. Spiegelmann*, 268 Conn. 921 (2004). Petitioner's petition for certification was limited to review of the following two issues concerning the admission of pornographic material and improper prosecutorial conduct:

> 1. Whether the Appellate Court correctly concluded that highly offensive and inflammatory pornography, seized from defendant's home and introduced at trial, did not affect the result of the trial or defendant's right to a fair trial, therefore making it unnecessary for the Appellate Court to consider defendant's claims that this material was improperly admitted? [and]
>
> 2. Whether the Appellate Court properly concluded that that the State's reference to facts outside the record in a critical portion of its closing argument, and extensive use of sarcasm in its cross-examination of the defendant, did not constitute prosecutorial misconduct?

Resp't App'x, Ex. G, ECF No. 34-9, at 2. Thus, as Respondent admits, Petitioner exhausted these claims pertaining to the trial court's admission of certain pornography and the prosecutor's conduct on direct appeal.

**State Habeas Actions**

On November 4, 2004, Petitioner filed his first petition for writ of habeas corpus in state court. *See Spiegelmann v. Warden ("Spiegelmann I")*, No. CV-04-4000190, 2010 WL 3672347 (Conn. Super. Ct. Aug. 26, 2010); Resp't App'x, Ex. I, ECF No. 34-11, at 4. He claimed that his trial counsel, Attorney McQuillan, was ineffective because he "failed to conduct sufficient consultation regarding the state's medical proof, meaningfully challenge the state's medical personnel, present medical testimony to support petitioner's claim of innocence, introduce medical reports concerning the complaining witness's behavior and mental health, object to constancy of accusation witnesses, and object to the state's attorney's cross-examination of [Petitioner]." *Spiegelmann I*, 2010 WL 3672347, at *1 (footnote omitted).

As to his ineffective assistance of appellate counsel, Petitioner complained that Attorney Grudberg "failed to raise as an issue the trial court's overruling of [Petitioner's] objection to allowing the constancy of accusation witnesses to testify that the complainant told them about oral, anal, and vaginal contact, and failed, when he presented the prosecutorial misconduct claim regarding the prosecutor's cross-examination of [Petitioner] to detail all of the instances of claimed misconduct[;] [and] failed to provide a harmless error analysis." *Id.* The state habeas court concluded Petitioner had failed to prove either ineffective assistance of trial counsel or ineffective assistance of appellate counsel. *Id.* at *24.

Petitioner appealed the state habeas court's decision to the Connecticut Appellate Court, challenging only the habeas court's rejection of his claim that trial counsel, Attorney McQuillan, was ineffective by failing to challenge and rebut the state's evidence with testimony from an expert on child sexual abuse. *See Spiegelmann III*, 2018 WL 1582549, at *3 (citing petitioner's brief in state habeas appeal).

The Appellate Court affirmed the habeas court's judgment, concluding that McQuillan consulted with two experts—Dr. Rau and Dr. Zeman—prior to trial and made reasonable strategic choices during the trial not to present these expert witnesses. *Stephen S. v. Comm'r of Corr. ("Stephen S. I")*, 134 Conn. App. 801, 816–21 (2012).[4]

---

[4] In concluding that Attorney McQuillan's performance was not deficient, the Appellate Court noted that Attorney McQuillan had testified about his consultation with Dr. Rau prior to trial, who indicated he would present the same testimony as the prosecutor's expert if he testified at trial. *Stephen S. I*, 134 Conn. App. at 816–17. The Appellate Court also observed that Attorney McQuillan testified about consulting prior to trial with psychiatrist Dr. Zeman to evaluate Petitioner and review the victim's records, and that he believed calling Dr. Zeman as a witness and introducing the victim's records into evidence "would open the door to the prosecution to elicit testimony that the victim's behavior was consistent with sexual abuse." *Id.* at 817. The Appellate Court held further that McQuillan sufficiently cross-examined the prosecution expert regarding the likelihood that a young female child, who suffered years of alleged abuse, would have a normal physical examination. *Id.* at 818.

Petitioner filed a petition for certification presenting only the following question for review: "Did the Appellate Court err when it found that [Petitioner's] trial counse[l], Martin McQuillan, was not ineffective when he failed to seek out experts proficient in the area of child sexual abuse who could assist him in the preparation for trial and assist him in challenging the State's experts during trial." Resp't App'x, Ex. N, ECF No. 34-16, at 2.

On May 9, 2012, the Connecticut Supreme Court denied Petitioner's petition for certification to appeal the Appellate Court's decision. *Stephen S. v. Comm'r of Corr.*, 304 Conn. 932 (2012).

In his second state habeas petition, Petitioner (1) claimed ineffective assistance of his first habeas counsel, Attorney McIntyre, for failing to address trial counsel's failure to properly analyze and investigate the state's evidence against him and consult and present expert testimony to rebut the sexual assault allegations; (2) claimed that Petitioner had received ineffective assistance of habeas appellate counsel; and (3) raised a claim of ineffective assistance of trial counsel based on Attorney McQuillan's failure to present expert testimony. *See* Resp't App'x, Ex. P, ECF No. 34-18; *see also Spiegelmann v. Warden ("Spiegelmann II")*, No. TSR-CV-11-4004287-S, 2016 WL 2935559 (Conn. Super. Ct. May 2, 2016).

In an opinion dated May 2, 2016, the state habeas court denied the second petition, finding it to be successive and without any basis in law or fact. *Spiegelmann II*, 2016 WL 2935559, at *2. Petitioner appealed but later withdrew the appeal on July 19, 2016. *Spiegelmann III*, 2018 WL 1582549, at *3 (citing Petitioner's second state habeas withdrawal).

While his second state habeas case was pending, Petitioner filed a third habeas petition in state court, which he later withdrew on June 11, 2018. *See Spiegelmann v. Comm'r of Corr.*

5

*("Spiegelmann IV")*, No. CV-18-4009759-S, 2024 WL 4023540, at *1 n.1 (Conn. Super. Ct. Aug. 19, 2024).

On September 27, 2018, Petitioner sought to file another state habeas corpus proceeding, but the Connecticut superior court declined to issue the writ because it found that the petition was "wholly frivolous on its face." *Stephen S. v. Comm'r of Corr. ("Stephen S. II")*, 199 Conn. App. 230, 231 (2020). Petitioner appealed, and the Connecticut Appellate Court reversed the judgment and remanded the case "with direction to issue the writ of habeas corpus." *Id.* at 232.

After the matter was remanded, the state habeas court dismissed several counts of the petition as untimely filed under Conn. Gen. Stat. § 52-470(d) and (e). *Spiegelmann v. Comm'r of Corr.*, CV-18-4009759-S, 2024 WL 3579490 (Conn. Super. Ct. July 9, 2024). It later dismissed the remaining count on the ground that the allegations failed to raise a cognizable claim of actual innocence. *Spiegelmann IV*, 2024 WL 4023540, at *3.

Petitioner appealed. To date, that appeal remains pending. *See Spiegelmann v. Comm'r of Corr.*, Dkt. No. A.C. 48098.[5]

On October 2, 2024, Petitioner filed a Renewed Petition for Writ of Habeas Corpus that was not on this Court's approved form. Renewed Pet., ECF No. 22. The Court reopened the case and instructed Petitioner to file his Amended Petition on the Court's approved form for petitions under § 2254. ECF No. 23.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the

---

[5] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). *See* Case Detail for AC 48098 at https://appellateinquiry.jud.ct.gov/ (under case look up search function).

6

same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann III*, 2018 WL 1582549, at *1. To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). That statute provides that a federal court cannot grant habeas relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

"The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants." *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). Thus, "[t]he exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (noting that the purpose of the exhaustion doctrine is "to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution" (citation and internal quotation marks omitted)). "To provide the State with the necessary 'opportunity' [to pass upon and correct an alleged violation of its prisoner's federal rights], the prisoner must 'fairly present' his claim in

7

each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted); *see also Picard*, 404 U.S. at 275 ("We emphasize that the federal claim must be fairly presented to the state courts.").

A petitioner's claims may be presented to the state courts on either direct review or state post-conviction proceedings. "A prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). However, review in the highest court must be sought, even if such review is discretionary and unlikely to be granted. This "give[s] the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented.").

Moreover, a petitioner only satisfies the exhaustion requirement if he presents the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it. This allows the state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted); *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (exhaustion of state remedies requires a petitioner to present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it" (citations omitted)).

8

However, a federal claim has only been fairly presented to the state courts if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (alterations and quotation marks omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32. Thus, "the claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted).

Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005).

When a petitioner files a mixed petition—*i.e.*, a petition containing both exhausted and unexhausted claims—the reviewing court may (1) stay the petition for a limited period of time to permit a petitioner the opportunity to properly exhaust the claims in state court, *Rhines v. Weber*, 544 U.S. 269, 277 (2005); (2) dismiss the petition without prejudice for failure to exhaust; or (3) permit a petitioner to abandon the unexhausted claims and consider only the properly exhausted claims on the merits. *Zarvela v. Artuz*, 254 F.3d 374, 378–80 (2d Cir. 2001); *see also Carolina v. Connecticut*, No. 3:17-CV-754 (SRU), 2021 WL 3855612, at *2 (D. Conn. Aug. 27, 2021) (discussing treatment for mixed petitions).

**DISCUSSION**

Thus, the Court must first consider whether Petitioner's Amended Petition constitutes a mixed petition with both exhausted and unexhausted claims. Respondent, in seeking dismissal, asserts that this is a mixed petition and that Petitioner has failed to exhaust certain of his claims. Resp't Mem., ECF No. 34-1. Petitioner disagrees and generally advances arguments as to the merits of his Amended Petition. Pet'r Opp'n, ECF No. 40. The Court agrees with Respondent.

**Ground One**

Petitioner asserts his ineffective assistance of trial counsel on eight grounds. He claims counsel failed to (1) demonstrate that the allegations of sexual assault were raised during a "heated custody battle," (2) show that his ex-wife had access to his pornography and used her knowledge of that pornography to coach the victim, (3) object to the State's expert witness on the ground that she lacked sufficient credentials to form a reliable opinion, (4) properly present the testimony of an expert witness named Dr. Frederick Rau, (5) present the testimony of "two important fact witnesses," (6) retain a pediatric psychologist and make use of the victim's medical and psychological records, (7) contact several potential witnesses who could have "bolstered" Petitioner's defense of innocence in his case that relief solely on the word of his wife and daughter and was not "buttressed by physical evidence", and (8) move for a hearing to determine whether the victim was competent to testify. ECF No. 33, at 1–11.

Respondent submits that Petitioner has exhausted his ineffective assistance of counsel claim on the basis of trial counsel's asserted failure (1) to properly present the expert testimony of Dr. Rau and (2) to retain a pediatric psychologist to testify about the child sexual abuse. Resp't Mem., ECF No. 34-1, at 17 (noting that on appeal, the petitioner contended that trial counsel

10

"rendered ineffective assistance of counsel because he did not sufficiently consult with (1) expert witnesses regarding the physical evidence of sexual abuse in the petitioner's case and (2) an expert witness on child sexual abuse" (quoting *Stephen S. I*, 134 Conn. App. at 810)).

However, the record shows that Petitioner has not exhausted his other grounds for ineffective assistance of trial counsel, which rely upon factual predicates not reviewed by the state courts. *See id.* at 16–17; *see also Jones*, 329 F.3d at 295 (for exhaustion, "the claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition").

**Ground Two**

In his second claim for habeas relief, Petitioner asserts that his appellate counsel, Attorney Grudberg, was ineffective for failing to raise a (1) claim related to the trial court's *in camera* inspection and release of the victim's psychological records, and (2) a claim of Petitioner's actual innocence. ECF No. 33, at 11–13. Petitioner has not raised these claims before the highest Connecticut state court capable of reviewing them. Accordingly, these claims are not exhausted.

**Ground Three**

In his third claim for relief, Petitioner asserts his actual innocence on grounds that (1) his counsel was ineffective for failing to raise the issue of his "heated custody battle" at the time of the allegations, (2) trial counsel failed to challenge the admission of pornography, (3) no medical evidence corroborated the abuse and the medical examination of the victim was improper, (4) trial counsel failed to call an expert to challenge the medical evidence, (5) trial counsel failed to present the testimony of two fact witnesses, (6) trial counsel failed to prepare a defense, call an expert witness, and challenge the state's psychological experts, (7) the trial court erred in redacting certain

11

portions of the victim's psychological records, (8) trial counsel failed to call important witnesses, (9) his sentence is unduly harsh, (10) relevant evidence was wrongly excluded at trial, and (11) the prosecutor violated her obligations under *Brady v. Maryland* and committed prosecutorial misconduct by filing multiple motions *in limine* and presenting the victim's testimony. *Id.* at 13–21.

Respondent argues that Petitioner's actual innocence claim is neither cognizable nor exhausted. The Court notes that there are two kinds of "actual innocence" claims: (1) a "freestanding right to habeas corpus relief based on a claim of wrongful conviction after a fair trial free of error";[6] and (2) "a gateway claim of innocence," which permits a petitioner to assert a claim of actual innocence even if he would be procedurally barred from doing so. *See Jimenez v. Stanford*, 96 F.4th 164, 182–84 (2d Cir. 2024). The Court need not determine the merits of Petitioner's actual innocence claim because—as previously discussed—his amended petition presents a mixed petition concerning his claims of ineffective assistance of trial and appellate attorneys relevant to grounds one and two. Petitioner's actual innocence claim is also clearly not exhausted.

Petitioner's fourth state habeas petition raised a claim of actual innocence. Resp't App'x, Ex. U, ECF No. 34-23, at 18. Specifically, Petitioner alleged: "Taking into account all the evidence adduced at trial and to be adduced at the habeas corpus proceeding, including the evidence described through this petition for a writ of habeas corpus, no reasonable fact-finder could find the

---

[6] The Second Circuit has observed that there remains an "open question of whether a freestanding innocence claim is even cognizable at all under federal law, especially in a noncapital case." *Jimenez v. Stanford*, 96 F.4th 164, 182 (2d Cir. 2024).

petitioner guilty." *Id.* at 17.  He asserted further: "Claims of actual innocence do not need to be based upon newly discovered evidence not reasonably available at the time of trial." *Id.*

The state habeas trial court dismissed this claim as non-cognizable because Petitioner had not satisfied the requirement that "claims of actual innocence *must* be predicated on 'newly discovered evidence[.]'" *Spiegelmann IV*, 2024 WL 4023540, at *3 (citing *Corbett v. Comm'r of Corr.*, 133 Conn. App. 310 (2012), and *Jackson v. Comm'r of Corr.*, 149 Conn. App. 681, 707–08 (2014)).

Petitioner filed a certification for appeal to challenge the dismissal of his actual innocence claim.  *See* Resp't App'x, Ex. U, ECF No. 34-23, at 60.  His petition was granted, and that appeal is currently pending.

Thus, Petitioner's actual innocence claim clearly remains unexhausted.

**ISSUANCE OF A STAY**

The Court's review of the record substantiates that Petitioner's Amended Petition constitutes a mixed petition, containing both exhausted and unexhausted claims.  Under certain circumstances, the district court may stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all his claims. *See Zarvela*, 254 F.3d at 380–83 (recommending that the district court stay exhausted claims and dismiss unexhausted claims, with direction to timely complete the exhaustion process and return to federal court, and where dismissal of exhausted claims would result in claims being time-barred by the one-year limitations period for filing a federal petition).  A stay should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal

13

petition, and the petitioner may be time-barred if the case was dismissed. *See Rhines*, 544 U.S. at 277–78. Before granting a stay, the district court must determine that "the unexhausted claims are not plainly meritless, [that] the petitioner has good cause for failing to exhaust, and [that] the petitioner did not engage in abusive or dilatory litigation tactics." *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (citing *Rhines*, 544 U.S. at 277–78).

In this instance, Petitioner has not met the two conditions required for the court to issue a stay. Petitioner provides no indication of circumstances amounting to good cause that prevented him from exhausting these grounds for habeas relief in the state courts prior to filing this action. Nor would dismissal of the present action lead to Petitioner's claims being time-barred. *See Rhines*, 544 U.S. at 277–78.

The one-year limitations period in AEDPA commences when the judgment of conviction becomes final and is tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244(d)(1)–(2); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012) (holding that the statute of limitations "runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (internal quotation marks omitted)); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Thus, the one-year limitations period commences when the conviction becomes final, or upon completion of the direct appeal or conclusion of the time within which an appeal could have

been filed.[7]  28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari).

Petitioner still has post-conviction proceedings pending and the relevant statute of limitations has not yet expired.  Here, the statute of limitations ran for 120 days from July 7, 2004 (the day after the 90-day period for filing a petition for writ of certiorari expired, *see* U.S. Supreme Court Rule 13.1 (allowing 90 days for filing of petition for certiorari)), to November 4, 2004 (when he filed his first state habeas action).  The limitations period also ran for another 108 days between the date Petitioner withdrew his third habeas petition on June 11, 2018, and his filing of his fourth petition on September 27, 2018.  *See Spiegelmann IV*, 2024 WL 4023540, at *1 & n.1.  With 137 days still remaining on the one-year statute of limitations, Petitioner is not in danger of being time-barred.

Accordingly, dismissal of the instant petition without prejudice does not risk a subsequent federal petition being untimely.  In addition, should the Court deny Petitioner's amended petition after a merits review for all the grounds for relief, Petitioner could be precluded from bringing

---

[7] The statute also provides that the limitations period may commence on: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date of which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1).  None of these provisions are relevant to this action.

another petition under § 2254 that included any grounds for relief.[8] *See* 28 U.S.C. § 2244(b)(2).[9] Furthermore, Petitioner's unexhausted claims would benefit from review by a state court. *Gould v. Barone*, No. 3:21-CV-1237 (SVN), 2022 WL 1462227, at *7 (D. Conn. May 9, 2022) (noting that where petitioner's grounds for relief were difficult to discern, the merits of his claims would benefit from review by a state court).

The Court concludes that the motion to dismiss should be granted. However, this dismissal for failure to exhaust state court remedies is without prejudice to the filing of a renewed § 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *see also Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *4–5 (D. Conn. Apr. 27, 2021).

**CONCLUSION**

Respondent's Motion to Dismiss [**ECF No. 34**] is **GRANTED**. The Amended Petition is **DISMISSED** without prejudice to refiling a new petition after Petitioner has fully exhausted all available state court remedies as to all grounds he seeks to advance in this federal forum.

---

[8] Before the AEDPA, "district courts were required to dismiss any petition containing unexhausted claims." *Fayton v. Connolly*, No. 06-CV-3685 (SAS), 2009 WL 1615995, at *4 (S.D.N.Y. June 9, 2009). District courts now, however, have discretion to deny a petition on the merits even if the applicant has not exhausted the remedies available in the courts of the State. *Despres v. Comm'r of Corr.*, No. 3:20-CV-929 (SRU), 2021 WL 2634450, at *12 (D. Conn. June 25, 2021). But the Court cannot consider the merits of an unexhausted claim in a habeas petition unless it dismisses the entire petition on the merits. *See Schwartz v. Comm'r of Corr.*, No. 3:19-CV-1149 (MPS), 2020 WL 6263545, at *4 (D. Conn. Oct. 23, 2020) ("[U]nexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition." (quoting *Trimm v. Sheahan*, No. 9:14-CV-905 (TJM) (DEP), 2014 WL 3670723, at *1 n.1 (N.D.N.Y. July 23, 2014))).

[9] Section 2244(b)(2) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Petitioner is informed that he also has the option of proceeding only as to those grounds for which he has exhausted his state court remedies. Petitioner is cautioned, however, that if he chooses to proceed only on his exhausted claims, he will run the risk that any subsequent petition containing the unexhausted claims will not be considered by this Court as it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

If Petitioner wishes to proceed on his exhausted claims only, he must file, **within 30 days of this ruling**, a motion to reopen seeking: (1) to proceed only as to his exhausted grounds, and (2) to withdraw all of the unexhausted grounds. The motion must clearly identify any grounds that Petitioner claims have been fully exhausted and explain how those grounds were exhausted in state court. Petitioner must also file an amended petition that contains only exhausted claims as grounds for habeas relief. Again, Petitioner is cautioned that if he so proceeds, with the intention of returning to this Court later and presenting the unexhausted grounds after they have been exhausted, he will run the risk that any such new petition will not be considered by this Court because it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

The Court concludes that jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies on all grounds asserted in this Petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

**SO ORDERED** this 14th day of May, 2025 at Bridgeport, Connecticut.

/s/ Kari. A Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE